UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE JAMES RAYBURN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA HIGHWAY PATROL, et al.,<br><br>　　　　Defendants. | No. 24-cv-02704 SCR P<br><br><br><br>ORDER |

Plaintiff is a county prisoner in the state of Arkansas proceeding pro se in this civil rights action under 42 U.S.C. § 1983. He has requested leave to proceed without paying the full filing fee for this action, under 28 U.S.C. § 1915. Plaintiff has submitted a declaration showing that he cannot afford to pay the entire filing fee and a certified copy of the trust fund account statement for the six-month period immediately preceding the filing of the complaint. See 28 U.S.C. § 1915(a)(2). Accordingly, plaintiff's motion to proceed in forma pauperis is granted. However, the court finds plaintiff's first amended complaint ("FAC") is legally deficient and will grant Plaintiff an opportunity to file an amended complaint.

**I.　　SCREENING**

　　A. Legal Standard

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). A

1  claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v.
2  Williams, 490 U.S. 319, 325 (1989).  The court may dismiss a claim as frivolous if it is based on
3  an indisputably meritless legal theory or factual contentions that are baseless.  Neitzke, 490 U.S.
4  at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an
5  arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

6  To avoid dismissal for failure to state a claim a complaint must contain more than "naked
7  assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of
8  action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,
9  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
10 statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A claim upon which the
11 court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial
12 plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable
13 inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  When
14 considering whether a complaint states a claim, the court must accept the allegations as true,
15 Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most
16 favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

17      B.  Procedural History

18 Plaintiff initiated the action in the U.S. District Court, Western District of Arkansas,
19 naming six defendants.  See Rayburn v. West Siloam Springs Police, Case No. 5:24-cv-05203
20 (W.D. Ark.).  On September 30, 2024, the assigned magistrate judge directed the Clerk of the
21 Court to sever the FAC's claims against three of the defendants and split them into two new
22 cases: (1) Rayburn v. West Siloam Springs Police, Case No. 4:24-cv-00464 (N.D. Okla.); and (2)
23 Rayburn v. California Highway Patrol, et al., Case No. 2:24-cv-02704 (E.D. Cal.).  (ECF No. 3.)
24 The FAC's claims relevant to the latter action are now before the court for screening.

25      C.  Factual Allegations of the FAC

26 Plaintiff's FAC names the Lodi Police Department and California Highway Patrol
27 ("CHP") as defendants.  Both defendants are sued in their official capacity.  (ECF No. 1 at 6.)
28 Plaintiff alleges that each time he was detained, the Lodi Police took his personal property

without a warrant. He lists five motor vehicles that he alleges the Lodi Police took from him: a 2009 Dodge Charger; a 2005 Buick; a 2009 Buick Enclave; a 2008 Volkswagen Jetta; and a 2015 Volkswagen Jetta. Plaintiff estimates that the vehicles taken by the Lodi Police Department have a total value of "about $90,000." (Id.)

The FAC alleges a claim for "deprivation of rights" against both defendants. (ECF No. 1 at 6.) Prompted by the complaint form to describe the policy or custom that caused the violation of plaintiff's constitutional rights, plaintiff's FAC states "Constitution is a joke that we can use the ignorance of the people to [steal] personal property." (Id. at 7.) The FAC seeks compensatory and punitive damages in the amount of $10,000,000. (Id. at 9-10.)

### D. Analysis

The FAC does not identify the federal constitutional right that CHP and the Lodi Police allegedly violated. However, the FAC's first claim, which has been severed from this action (see ECF No. 3), describes a different police department's taking of his family's vehicle as a "deprivation of rights under color of law, 4th Amendment search and seizures." (ECF No. 1 at 4.) Considering the plaintiff's pro se status and the factual similarities between the claims, the court will broadly construe the FAC as raising a similar Fourth Amendment search and seizure claim against CHP and Lodi Police Department and screen the FAC under 42 U.S.C. § 1983.

A plaintiff may bring an action under 42 U.S.C. § 1983 to redress violations of "rights, privileges, or immunities secured by the Constitution and [federal] laws" by a person or entity, including a municipality, acting under the color of state law. 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must show that (1) a defendant acting under color of state law (2) deprived plaintiff of rights secured by the Constitution or federal statutes. Benavidez v. County of San Diego, 993 F.3d 1134, 1144 (9th Cir. 2021).

Because plaintiff has sued a municipal entity in its official capacity, he needs to satisfy the 42 U.S.C. § 1983 pleading requirements under the standard set forth in Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). To properly plead a Monell claim based on an unconstitutional custom, practice, or policy, plaintiff must show that the government "had a deliberate policy, custom, or practice that was the moving force behind the constitutional violation [plaintiff]

3

suffered." See AE ex rel. Hernandez v. County of Tulare, 666 F.3d 631, 636 (9th Cir. 2012) (quotation marks and citation omitted). Plaintiff must also show that the policy or custom of the government "reflects deliberate indifference" to plaintiff's constitutional rights. Castro v. County of Los Angeles, 833 F.3d 1060, 1073 (9th Cir. 2016) (quotation marks and citation omitted). Unless the challenged policy is in writing, the municipal policy at issue must be the result of a "longstanding practice or custom which constitutes the standard operating procedure of the local government entity." Price v. Sery, 513 F.3d 962, 966 (9th Cir. 2008) (quotation omitted).

i. Lodi Police Department

Plaintiff has not sufficiently alleged a Lodi Police Department policy, custom, or practice that was the moving force behind the alleged constitutional violation or how that policy, custom, or practice reflects deliberate indifference to his constitutional rights. In the appropriate policy/custom field on the complaint form, he writes only that the "Constitution is a joke that we can use the ignorance of the people to [steal] personal property." (Id. at 7.) These facts are not sufficient to establish Monell liability. The FAC also lacks supporting details like dates, the circumstances of the vehicle seizures, and other necessary factual content to allow the court to draw the reasonable inference that Lodi Police Department is liable for the misconduct alleged. See Iqbal, 556 U.S. at 678.

ii. CHP

Section 1983 requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell, 436 U.S. at 694; Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). The FAC, however, pleads no facts linking CHP to the alleged unlawful seizure of plaintiff's vehicles. As a result, the FAC does not state a cognizable Fourth Amendment claim against CHP.

Regardless, CHP is entitled to sovereign immunity from § 1983 claims. See O'Leary v. California Highway Patrol, 923 F.2d 862 (9th Cir. 1991) ("Because the CHP is a state agency ... and the State of California has not consented to suit ... both the State and the CHP enjoy sovereign immunity and cannot be sued under section 1983."). Individual CHP officers may be sued in their individual or personal capacities under § 1983, assuming the other requirements for

§ 1983 liability are adequately set forth. See Hafer v. Melo, 502 U.S. 21, 30 (1991) (state officials sued in their individual capacities are "persons" within the meaning of section 1983). But here, plaintiff has only sued CHP in its official capacity. (See ECF No. 1 at 6.)

## II.     AMENDING THE COMPLAINT

The FAC fails to state a Fourth Amendment claim for relief against defendants Lodi Police Department and CHP and is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). However, Plaintiff is proceeding pro se and a pro se litigant should be given leave to amend unless it is absolutely clear that the deficiencies cannot be cured by amendment. Akhtar v. Mesa, 698 F.3d 1202, 1213 (9th Cir. 2012). Rather than recommending dismissal of the action, the undersigned will provide Plaintiff an opportunity to amend the complaint to allege facts supporting a cognizable claim under 42 U.S.C. § 1983.

If plaintiff chooses to amend the complaint, the amended complaint must address the issues the Court identified above. Plaintiff's amended complaint shall be clearly labeled as the **"Second Amended Complaint."** The second amended complaint must not force the Court and the defendants to guess at what is being alleged against whom. See McHenry v. Renne, 84 F.3d 1172, 1177-80 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The second amended complaint should contain specific allegations as to the actions of each named defendant. The court further advises plaintiff that the second amended complaint should not include claims against the defendants in the severed federal cases proceeding in Arkansas and Oklahoma, respectively.

Also, the second amended complaint must not refer to a prior pleading in order to make it complete. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. See Pacific Bell Tel. Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)).

////

Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### III.    CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff shall have 30 days from the date of this order to file a second amended complaint that addresses the defects set forth above.

3. Alternatively, if Plaintiff no longer wishes to pursue this action, Plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

4. If Plaintiff does not file a second amended complaint within 30 days, the Court will issue Findings and Recommendations that the action be dismissed for failure to state a claim upon which relief may be granted.

DATED: February 5, 2025

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE